IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAFETY NATIONAL CASUALTY CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| V. ) ) | Case No: 3:09-cv-482-JPG-DGW |
| VILLAGE OF CAHOKIA, ) ) | |
| Defendant/Third-Party Plaintiff, ) ) | |
| V. ) ) | |
| CLAIMSONE, LLC, ) ) | |
| Third-Party Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on third-party defendant ClaimsOne, LLC's motion to stay ruling on plaintiff Safety National Casualty Corporation's ("Safety National") motion for summary judgment (Doc. 34).

In this case Safety National seeks a declaration that it is not obligated to pay benefits to the Village of Cahokia ("Cahokia") under an excess workers' compensation insurance policy it issued to Cahokia. It claims Cahokia breached its obligation under the policy to promptly notify Safety National of a workers' compensation claim against it. Cahokia has filed a third-party complaint against ClaimsOne, its third-party claims administrator, arguing that it is liable for any excess amounts paid by Cahokia because it was negligent in failing to timely notify Safety National of the workers' compensation claim.

Safety National has filed a motion for summary judgment arguing that there is no genuine issue of material fact that it did not receive prompt notice of the workers' compensation

claim once the triggering events defined by the policy occurred. Cahokia disagrees, arguing that a reasonable jury could find Safety National had notice of the claim. The motion is fully briefed and ripe for decision.

ClaimsOne now asks the Court to stay its consideration of the summary judgment motion, allow it 120 days for discovery and, presumably, leave to file a response to the motion. Cahokia brought ClaimsOne into this case after briefing on the summary judgment motion was complete, and ClaimsOne wants an opportunity to have a voice in how the original claim in this case will be resolved. It believes Cahokia has not done sufficient discovery to uncover evidence Safety National had prompt notice of the claim and that it would be prejudiced were summary judgment entered in favor of Safety National.

The Court will not stay its consideration of Safety National's summary judgment motion. The matter in dispute between Safety National and Cahokia is whether there is any evidence showing Safety National received timely notice of the workers' compensation claim. At the summary judgment stage, the issue is whether any material evidence of a timely report of the claim exists, for if any material evidence exists of prompt notification, the motion will be denied and the case will proceed to trial.

On the other hand, if Cahokia fails to present material evidence of a timely report, it will be left bearing the brunt of its workers' compensation liability, at least until the third-party claim against ClaimsOne is resolved. However, summary judgment in favor of Safety National does not mean that ClaimsOne, having presumably done more discovery than Cahokia, cannot present evidence in another summary judgment proceeding or at trial of the third-party claim that it was not negligent. The questions in Safety National's claim and Cahokia's third-party claim are

simply different, and the resolution of the former against Cahokia will not prejudice ClaimsOne.

For the foregoing reasons, the Court **DENIES** ClaimsOne's motion to stay consideration of Safety National's summary judgment motion (Doc. 34).

**IT IS SO ORDERED.**
**DATED:  August 24, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**