IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAFETY NATIONAL CASUALTY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) Case No: 3:09-cv-482-JPG-DGW ) |
| VILLAGE OF CAHOKIA, | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| V. | ) ) |
| CLAIMSONE, LLC, | ) ) |
| Third-Party Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Village of Cahokia's ("Cahokia") motion to set aside the judgment in favor of plaintiff Safety National Casualty Corporation's ("Safety National") (Doc. 48) and on Cahokia's response to the Court's September 15, 2010, order to show cause why the Court should not dismiss its third-party claim against third-party defendant ClaimsOne, LLC without prejudice pursuant to 28 U.S.C. § 1367(c)(3) (Doc. 47).

**I.      Motion to Set Aside Judgment (Doc. 48)**

Cahokia asks the Court to reconsider its September 15, 2010, order (Doc. 46) granting summary judgment in favor of Safety National. Cahokia argues that questions of fact exist and preclude entry of summary judgment and that it should be allowed to conduct additional discovery. Safety National has responded to the motion (Doc. 51), arguing that Cahokia has shown no good reason for the Court to reconsider its prior order.

Because final judgment has not been entered in this case, the Court asks whether it

should revisit its non-final order. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));  Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities");  *see also* Fed. R. Civ. P. 60(b)(6).  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine.  *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

     Cahokia has not pointed to any extraordinary circumstances that would warrant reconsidering the order granting summary judgment to Safety National.  The Court has already explained why, based on the evidence presented, there are no genuine issues of material fact preventing entry of summary judgment.  The possibility that other evidence may exist that Cahokia did not submit to the Court in its response to Safety National's motion is not a good reason to reconsider the Court's prior order.  If such evidence existed, Cahokia should have sought it out in third-party discovery earlier in the case.  As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the 'put up or shut up' moment in the life

of a case." *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008). Cahokia was unable to put up sufficient evidence at the critical time and must now suffer the consequences.

For this reason, the Court will deny Cahokia's motion to vacate (Doc. 48).

**II.     Response to Order to Show Cause (Doc. 47)**

In its September 15, 2010, order, the Court directed Cahokia to show cause why the Court should not dismiss its third-party claim against ClaimsOne without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Cahokia has responded to the order (Doc. 47) and argues that it would be prejudiced by dismissal of its third-party claim against ClaimsOne because it would impair its ability to conduct discovery.

As the Court noted in its earlier order, when the Court dismisses all claims over which it has original federal jurisdiction, leaving only claims over which it has supplemental jurisdiction under 28 U.S.C. § 1367(a), it may decline to exercise that supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). In deciding whether to decline jurisdiction over state law claims when no original jurisdiction claims remain pending, a district court should consider judicial economy, convenience, fairness and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251).

Here, the equities weigh in favor of dismissing Cahokia's third-party claim without prejudice so that Cahokia can refile it in state court. An Illinois court is generally better

equipped to resolve questions of state law among its citizens.  Furthermore, ClaimsOne was only recently added as a party to the federal action, so the third-party claim is in its relative infancy in this forum.  Cahokia can continue to seek discovery from ClaimsOne in a state court proceeding and fully litigate its claim there.  Finally, there is no indication an Illinois state court forum will be less fair or convenient to the parties than a federal forum.  For these reasons, the Court will dismiss Cahokia's third-party claim against ClaimsOne without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### III.     Conclusion

For the foregoing reasons, the Court:

- **DENIES** Cahokia's motion to vacate (Doc. 48);

- **DISMISSES** Cahokia's third-party claim against ClaimsOne **without prejudice** pursuant to 28 U.S.C. § 1367(c)(3); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  October 20, 2010**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**